NOT DESIGNATED FOR PUBLICATION

No. 117,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS W. CRIDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 29, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Dennis Crider appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. Crider contends the district court should have given him another chance at probation rather than send him to prison. But Crider committed misdemeanor criminal damage to property while he was on probation, which gave the district court the discretion to send Crider to prison. We find no abuse of discretion in the district court's decision to do so.

In 2014 Crider pleaded guilty to possession of methamphetamine with intent to distribute. The district court then sentenced Crider to a 36-month term of probation, with an underlying sentence of 66 months that he would have to serve if he didn't successfully complete his probation.

In 2015 Crider violated his probation and served a two-day sanction and a three-day sanction in jail for his violations. Then in 2016 he was charged with eight different probation violations. Crider admitted to all the violations and was ordered to serve a longer 120-day sanction for those violations.

Crider admitted to several more violations in 2017. The court also found that Crider committed misdemeanor criminal damage to property and proceeded to revoke Crider's probation, ordering him to serve his original 66-month prison sentence. Crider argues that instead of revoking his probation, the court should have given him a 180-day sanction and another chance at probation.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, which generally requires the court to use intermediate sanctions (like a short stay in jail) before imposing a prison term for probation violations.

But the statute's intermediate-sanctions requirement doesn't apply once the court finds that the defendant has committed a new offense. See K.S.A. 2016 Supp. 22-3716(c)(8). Crider committed a new offense—criminal damage of property—so we review the district court's decision in this case only for abuse of discretion. Unless the court revoked Crider's probation based on a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Crider committed a new criminal offense and otherwise violated his probation no fewer than a dozen times. Then, despite his violations, the court gave Crider three additional chances

2

to comply with his probation. Indeed, a reasonable person could agree with the district court's decision to impose the prison sentence.

On Crider's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Crider's probation.

The district court's judgment is therefore affirmed.